[Civ. No. 2424.  First Appellate District.—May 16, 1918.]

ELEANOR MATTHEWS, Appellant, v. HUGH
MATTHEWS, Respondent.

DIVORCE — ALIMONY — MODIFICATION OF DECREE — CHANGED CIRCUM-
STANCES.—An order modifying an interlocutory decree of divorce
in respect to allowance of alimony will not be disturbed on appeal
where it was shown that the wife had acquired an interest in improved real property from which she derived an income.

ID.—AGREEMENT AS TO AMOUNT—CONFLICT OF EVIDENCE—APPEAL.—
An order modifying an interlocutory decree of divorce in respect
to allowance of alimony will not be disturbed on appeal where the
evidence as to the existence of an alleged agreement relating to
the amount was conflicting.

APPEAL from an order of the Superior Court of the City and County of San Francisco modifying an interlocutory decree of divorce. Jas. M. Troutt, Judge.

The facts are stated in the opinion of the court.

Algernon Crofton, and Gillogley, Crofton & Payne, for Appellant.

I. I. Brown, and A. P. Crist, for Respondent.

THE COURT.—Appeal from an order modifying an interlocutory decree of divorce in respect to allowance of alimony.

It appears from the record that on November 3, 1915, Eleanor Matthews, the plaintiff, obtained an interlocutory decree of divorce from her husband, Hugh Matthews, upon the ground of extreme cruelty. Summons was served personally upon defendant, who made no appearance. By the decree the defendant was ordered to pay to the plaintiff $125 monthly as a permanent allowance, beginning November 8, 1915. On April 22, 1916, the defendant moved to modify the decree in this respect. On June 27, 1916, the court made an order reducing the allowance to one hundred dollars, and from this order the plaintiff appeals.

Three points are urged for reversal: (1) That the court had no power to modify the decree unless it appeared on the hearing of the motion that the circumstances of the parties had changed since the original decree was made. (2) That the parties had entered into an agreement with reference to alimony, which the court had no authority to modify. (3) That the decree should not have been modified for the reason that the amount allowed therein was and is proper.

In support of his position the attorney for appellant has furnished us with an instructive and carefully prepared brief upon the legal questions involved and upon which he relies for reversal; but we are of the opinion that all of these points resolved themselves into questions of fact, which, under conflicting evidence having been determined adversely to appellant, such determination is conclusive here.

The question whether there was a sufficient change in the circumstances of the parties accruing since the decree was amply shown by the evidence. It affirmatively appears that plaintiff had acquired an interest in improved real property from which she derived an income.

With reference to the existence of the agreement relating to the amount of alimony to be allowed, no evidence was presented aside from the affidavits of plaintiff and defendant. These were conflicting on the subject. The existence of the agreement, therefore, merely presented another question of fact. True, there is no express finding on the subject, but this must be presumed in the absence thereof in support of the judgment.

What we have said with reference to the foregoing questions applies with equal force to the third point relating to the question of proper allowance.

As above shown, a different and changed condition in the circumstances of the parties had occurred since the rendition of the decree. All of these questions were, under conflicting evidence, addressed to the sound discretion of the court. There is no claim or showing that this discretion was arbitrarily exercised or abused.

For the reasons given the order appealed from is affirmed.